**1071. SEARCH AND SEIZURE.**
See 661. Intoxicating Liquor. Bender v. Addams, OA. 6 Abs. 231.

**1104. STATUTES.**
See 801. Municipalities. Columbus Bd. Ed. v. City of Columbus, OS. 6 Abs. 239.

**1106. STATUTE OF LIMITATIONS.**
See 923. Pleadings. Sentich v. Village of Cleve. Hts., OA. 6 Abs. 235.

**1197. TRUSTS AND TRUSTEES.**
See 1271. Wills and Legacies. Biles, Tee. v. Webb, OS. 6 Abs. 239.

**1235. VERDICT.**
Windermere Sav. & L. Co. v. Cleve. Cit. Pub. Co., OA. 6 Abs. 238.

**1225. WARRANTY.**
Ward Baking Co. v. Trizzino, OA. 6 Abs. 229.

**1265. WEIGHT OF EVIDENCE.**
Scaccuto v. State, OS. 6 Abs. 239.
Krakoff v. Krakoff, OA. 6 Abs. 228.

**1271. WILLS AND LEGACIES.**
Biles, Tee v. Webb, OS. 6 Abs. 239.

# OFFICIAL SYLLABI
## Ohio Appeals

### DILLON v. CITY OF CLEVELAND et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

**1010. REFERENDUM—448. Elections—865. Office and Officers—801. Municipal Law.**

1. In absence of bad faith on part of committee for petitioners, or Cleveland Real Estate Board sponsoring petition for referendum election, committee and board not responsible for irregularity.

2. In absence of fraud, voters not to be jeopardized in rights, under charter, because of mere irregularities or invalidities for which committee for petitioners not responsible.

3. If petition retains substance, and provisions of law are substantially complied with, petition may be amended.

4. Sponsors of petition not responsible unless fraud destroys good part as well as bad.

5. Legal documents may be amended in interest of justice.

6. Record showing filing of petition for referendum and of amendment to petition within 10 days after clerk found original was insufficient, and that board of deputy state supervisors of elections ordered election, showed compliance with Cleveland City Charter.

7. Board of deputy state supervisors and inspectors of election have political functions, which, in absence of fraud, are sovereign and cannot be interferred with by courts.

Gordon & Gordon, Cleveland, for Dillon.

Carl F. Shuler, Director of Law and E. C. Stanton, Pros. Atty., Cleveland, for City.

**SULLIVAN, PJ.**

1. Where record failed to show any evidence of bad faith on part of committee for petitioners, or on part of Cleveland Real Estate Board sponsoring petition for referendum election on stop-gap zoning ordinance, authorized by Cleveland City Charter, but showed that they acted in good faith, committee and board are not to be held for any irregularities that might invalidate portion of signatures to petition, especially where they were in no way responsible for irregularies complained of.

2. Under Cleveland City Charter, granting right of referendum to voters on ordinance, voter has right to have ordinance referred to him for approval or disapproval, and unless proceedings for reference are inherently and substantively tainted with fraud, voters are not to be jeopardized in their rights under the charter because of mere irregularities or invalidities for which committee for petitioners are not responsible.

3. Under Cleveland City Charter, providing for right of referendum on ordinance, if petition retains substance, and provisions of law are substantially complied with, amendment can be made to petition as provided by charter, but when petition is so permeated with fraud that there is nothing good left in it, amendment would be fruitless and of no avail.

4. Under Cleveland City Charter, providing for right of referendum on city ordinance, sponsors of petition for referendum, free of any guilt of fraud, cannot be held responsible unless fraud is so infectious that it destroys good part as well as bad part of petition.

5. In absence of fraud, a defect in legal document, of which judicial cognizance is taken, can always be amended in interests of substantial justice, since untinctured with degree of fraud that wipes instrument from existence.

6. In action to enjoin referendum election in city of Cleveland on stop-gap zoning ordinance, record showing filing of petition for referendum and of amendment to petition within 10 days after clerk found petition was insufficient, and that board of deputy state supervisors of elections ordered an election, showed compliance with Cleveland City Charter, providing for referendum so as to make clerk's acts binding in law.

7. Board of deputy state supervisors and inspectors of elections are to be given free reign, except on showing of fraud or gross abuse of discretion, and have political functions which are sovereign in their nature and which cannot be interfered with by courts.

(Vickery and Levine, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

### SPYGLASS v. SPYGLASS.

Ohio Appeals, 2nd Dist., Clark Co.

**62. ALIMONY—681. Jurisdiction.**
In action for alimony alone, plaintiff must, by proper process, bring property of defendant within jurisdiction of court.

George W. Daniels and C. S. Olinger, Springfield, for plaintiff in error.

A. C. Link, Springfield, for defendant in error.

(Continued on Page 240)

# STATE SUPREME COURT
## NEW CASES, PROCEEDINGS AND DECISIONS

## Weekly Report of
## NEW CASES DOCKETED

### March 29, 1928

21052—Zenia Bower v. Harry W. Bruck. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Knepper & Wilcox, Columbus, for pltff; James M. Hengst, Columbus, for deft.

21053—Zenia Bower v. Frank M. Bruck. Motion for an order directing the Court of Appeals of Franklin county to certify its record. Knepper & Wilcox, Columbus, for pltff; James M. Hengst, Columbus, for deft.

21054—Arthur Godin v. Cleveland Railway Co. Error to the Court of Appeals of Cuyahoga county. Buonpane & Marco, Cleveland, for pltff; W. P. Pringle, Cleveland, for deft.

21055—Ervin Leitzy v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Crawford county. A. S. Leuthold, Bucyrus, for the pltff; Lewis Kreiter, Bucyrus, for deft.

### March 31, 1928

21057—Cleveland Ry. Co. v. Arthur Godin and Edward Marsh. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Squire, Sanders & Dempsey, Cleveland, for pltff; Buonpane, Marco & Sherman, Cleveland, for deft.

21058—Booker T. Horton v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Cuyahoga county. Error to the Court of Appeals of Cuyahoga county. Tim Long, Cleveland, for pltff; E. C. Stanton, Cleveland, for deft.

21059—Roy Freeman v. State of Ohio. Motion for leave to file petition in error to the Court of Appeals of Montgomery county. J. P. Jetton, Dayton, and J. G. Walters, Dayton, for pltff; Ralph E. Hoskot, Dayton, for deft.

### March 30, 1928

21056—The Lake Shore Electric Ry. Co. v. Public Utilities Commission. Error to The Public Utilities Commission of Ohio. Tolles, Hogsett & Ginn, Cleveland, for pltff; E. C. Turner, Atty. Genl., and A. M. Calland, of counsel, for deft.

### April 2, 1928

21061—Lima, Toledo R. R. Co. v. Harriett Lucas. Motion for an order· directing the Court of Appeals of Lucas county to certify its record. Cable & Cable, Lima, and Smith, Beckwith, Olinger & Froelich, Toledo, for pltff; Deeds & Cole, Toledo, for deft.

21062—Star Rubber Co. v. Naphis Hale. Motion for an order directing the Court of Appeals of Summit county to certify its record. Musser, Kimber & Huffman, Akron, for pltff; Roetzel & Olds, Akron, for deft.

21063—Employers Liability Assurance Corp. of London, England v. The Truscon Steel Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. J. R. Kistner, Cleveland, for pltff; W. F. Guthrie, Youngstown, for deft.

### April 3, 1928

21064—George Remus, on his own behalf. Error to the Court of Appeals of Allen county. E. C. Turner and L. Crary Davis, Columbus; E. M. Botkin and J. H. Flick, Lima, and Chas. P. Taft, 2nd, and Walter K. Sibbald, Cincinnati, Attys. for Dr. W. H. Vorbau, Supt. of the Lima State Hospital; Henderson & Durbin, Lima, Attorneys for Geo. Remus.

## PROCEEDINGS OF
## SUPREME COURT

### GENERAL DOCKET

**Wednesday, April 4, 1928**

20577—Nick Scaccuto v. State of Ohio. Columbiana. Judgment affirmed. Dock. 5 Abs. 378.

20622—Hannah M. Biles et al. v. Elizabeth Voight Webb. Hamilton. Judgment affirmed. Dock. 5 Abs. 471.

20838—Paul Kuhn v. Preslay Campbell et al. Cuyahoga. Judgment affirmed. Dock. 5 Abs. 797.

20857—The Bishop & Babcock Co. v. Edwin S. Griffifths. Cuyahoga. Judgment affirmed. Dock. 5 Abs. 815.

20903—Board of Education, city school district, City of Columbus, O., v. City of Columbus. Franklin. Judgment affirmed. Dock. 6 Abs. 29.

21017—Mary E. Hudson v. Randolph P. Whitehead, gdn. Lucas. Petition in error dismissed, no debatable. constitutional question involved. Dock. 6 Abs. 189.

20959—The Grasselli Chemical Co. v. Anna Copeland. Error to the Court of Appeals of Cuyahoga county. Dismissed by plaintiff in error without prejudice and at its costs. Dock. 6 Abs. 125.

### MOTION DOCKET

20582—George F. Mitchell et al. v. Liberty Gauge & Instrument Co. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 5 Abs. 398.

20582—George F. Mitchell et al. v. Liberty Gauge & Instrument Co. Motion by defendant to dismiss or strike motion to certify record and to vacate entry from files. Overruled. Dock. 5 Abs. 398.

20929—Lillian S. Stern et al. v. The Columbus National Bank et al. Motion· for an order directing the Court of Appeals of Franklin county to certify its record. Overruled. Dock.

20986—New York, Chicago & St. Louis Rd. Co. v. Christian Biermacher. Motion for an order directing the Court of Appeals of Cuyahoga county to certify its record. Overruled. Dock. 6 Abs. 157.

(Continued on Page 240)

(Continued from Page 236)

KUNKLE, J.

Where the plaintiff in an action for alimony alone brings suit in the county of her residence, the fact that the plaintiff has not by any process brought the property of defendant located in the same county within the control of the court prevents the court from taking jurisdiction of the same.

(Allread and Ferneding, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.